### Baker v. Tom.

Judgment affirmed.

---

### BAKER v. TOM.

If the defendant in an action of trespass to try title, where damages are not claimed, disclaim when first brought into court, he ought to recover costs against the plaintiff; but if he takes defense, and afterwards obtains leave to amend, and then files a disclaimer, the court may impose costs as a condition to the leave to amend.

It is not error to refuse leave to withdraw a disclaimer after judgment has been rendered upon it.

Appeal from Guadalupe.  The appellee sued the appellant for two lots in
the town of Seguin.  At the next term of the court the plaintiff disclaimed as
to one of the lots.  There was a trial; verdict for the defendant; new trial;
continuance.  Afterwards the defendant obtained leave to amend, and filed a
disclaimer as to the remaining lot then in controversy; whereupon the court
rendered the following judgment: "It is ordered, &c., that the parties pay
"equal moieties of the costs up to the time of the plaintiff's filing a disclaimer
"to one of the [6] lots originally sued for; and that the defendant pay all costs
"from the time of the plaintiff's filing his disclaimer to the first lot to the time
"of the filing of the defendant's disclaimer to the other; and that the plaintiff
"pay all costs accruing after the filing of the defendant's disclaimer; and that
"the writ of possession be awarded to the plaintiff for the possession of the lot
disclaimed by the defendant."  Thereupon the defendant moved the court for
leave to withdraw his disclaimer.  Motion overruled.  Defendant appealed.
Errors assigned—

1st. The judgment against the defendant for part of the costs.

2d. The overruling defendant's motion for leave to withdraw his disclaimer.

*Neill*, for appellant.

*Gordon*, for appellee.

LIPSCOMB, J.   The only error relied on is that the court erred in its judgment
as to the costs, giving the plaintiff a part of the costs, when the defendant should
have recovered costs against the plaintiff.  Had the defendant disclaimed when
first brought into court, so far as the title was involved the plaintiff ought
undoubtedly to have paid all costs.  But this he did not do, but set up title to
the only lot that was then in controversy; and it was not until there had been
a trial and a verdict in his favor, which was set aside and a new trial granted,
and another term of the court, that he asked leave to amend, and then dis-
claimed as to the property sued for.  It was certainly within the discretion of
the court to prescribe the terms on which he could be permitted to amend;
and the judgment of the court must be considered as having reference to the
time that had elapsed and the unnecessary costs imposed on the plaintiff by

such delay in exacting a part of the costs from the defendant. We say nothing about the effect of a disclaimer on the rights of the plaintiff in an action brought as well to recover damages for the trespass as [?] to try title. That question has not been raised. The plaintiff does not complain of the judgment. In the aspect in which the case is presented we can perceive no error.

Judgment affirmed.